UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COVERED BRIDGE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-308** |
| **IBERIABANK** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that **Motion to Dismiss** (Rec. Doc. 15) filed by First Horizon Bank ("First Horizon"), successor by merger to IberiaBank, is **GRANTED in part,** and plaintiff's claim for attorneys' fees is dismissed. In all other respects, the motion is **DENIED**.

## BACKGROUND

This matter arises out of a Control Agreement entered into between plaintiff, Covered Bridge, Inc. ("Covered Bridge), LaVallee Bridal, LLC ("LVB"), and First Horizon. The amended complaint alleges that Covered Bridge owns condominium units in Vail, Colorado, and that it leased certain units to LVB. As security for its lease with Covered Bridge, LVB granted Covered Bridge a security interest in a $90,000 certificate of deposit LVB had purchased at IberiaBank (now First Horizon). In April 2020, IberiaBank released the proceeds of the certificate of deposit to LVB. In July 2020, LVB breached its lease with Covered Bridge, and as a result LVB is indebted to Covered Bridge in an amount exceeding $90,000. Despite demand from Covered Bridge to IberiaBank, it has not been able to collect amounts allegedly owed to it.

In the amended complaint, Covered Bridge alleges claims for breach of contract and for detrimental reliance against Horizon Bank, seeking a money judgment in an amount not less than

$90,000, and attorneys' fees, costs, and interest. First Horizon has filed the instant suit seeking dismissal of the claim for detrimental reliance and attorneys' fees. First Horizon argues that the detrimental reliance claim is barred because the Uniform Commercial Code ("UCC") imposes a form requirement on the Control Agreement sued upon, and because the UCC supersedes or preempts any state law detrimental reliance claim. First Horizon also argues that there is no valid legal basis for Covered Bridge to recover attorneys' fees. Covered Bridge opposes the motion.

## DISCUSSION

*Legal standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true.  Iqbal, 556 U.S. at 678. In considering a motion to dismiss

for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

*Detrimental Reliance*

Detrimental reliance is codified at Louisiana Civil Code article 1967, which provides in part:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

The third sentence of this provision has been interpreted to mean that where positive law imposes formal requirements to create an obligation, reliance on a promise without the required formalities is per se unreasonable, and thus defeats any cause of action for detrimental reliance. See, e.g., John W. Stone Oil Distrib., L.L.C. v. River Oaks Contractors & Devs., Inc., 986 So. 2d 103, 108 (La. App. 5 Cir. 5/27/08), writ denied, 992 So. 2d 992 (La. 2008) (plaintiff could not prevail on detrimental reliance claim for breach of an oral contract to sell immovable property, because the law requires that agreements to sell immovable property be in writing).

Emphasizing this rule, First Horizon argues that because the security interest that Covered Bridge seeks to enforce, the Control Agreement, must be in writing, Covered Bridge cannot state a claim for detrimental reliance. In so arguing, First Horizon cites numerous cases holding that where a writing requirement is present, a plaintiff cannot recover in detrimental

reliance in the absence of a writing, because such reliance is by definition unreasonable.

It is undisputed that Louisiana law imposes a writing requirement for the Control Agreement. See La. R.S. 10:9-104(a)(2).[1] However, in this case, a written Control Agreement was executed by all interested parties, including First Horizon's predecessor in interest, which is attached to the amended complaint. Rec. Doc. 8-1.  Accordingly, the amended complaint including attached Control Agreement adequately alleges a claim for detrimental reliance. First Horizon's argument that the detrimental reliance claim must be dismissed due to the writing requirement is not supported by the facts.

***Displacement by UCC***

First Horizon also contends that the detrimental reliance claim must be dismissed because the state law claim is displaced by the UCC. The UCC, as incorporated within the Louisiana Revised Statutes, provides that: "Unless displaced by the particular provisions of this Title, the other laws of Louisiana supplement its provisions." La. Rev. Stat. § 10:1-103(b). Thus, the issue is whether the UCC contains any provision that displaces any cause of action for detrimental

---

[1] That statute provides:

(a) Requirements for control. A secured party has control of a deposit account if:

(1) the secured party is the bank with which the deposit account is maintained;

(2) the debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the deposit account without further consent by the debtor; or

(3) the secured party becomes the bank's customer with respect to the deposit account.

reliance. First Horizon does not point to a specific UCC provision that conflicts with a detrimental reliance claim; rather, it contends that the statute concerning control of deposit agreements, see supra, note 1, provides the exclusive means for perfecting a security interest in a deposit account.

However, Covered Bridge is not suggesting that it may perfect its security agreement by some extra-UCC method. To the contrary, it acknowledges that La. Rev. Stat. 10:9-104 establishes the requirements to perfect a security interest, and alleges that it has met those requirements.Through its detrimental reliance claim, Covered Bridge seeks to recover for First Horizon's breach of its agreement, by a means that supplements the UCC provisions, as expressly allowed by La. Rev. Stat. 10:1-103(b). Further, the court notes that the original UCC provision, upon which the Louisiana provision is based, explicitly designated estoppel claims (of which detrimental reliance is a species), as supplemental: "Unless displaced by the particular provisions of [the Uniform Commercial Code], the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, *estoppel*, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating or invalidating cause supplement its provisions." UCC § 1-103(b) (emphasis added). The revision notes to Louisiana's provision reflect that the language in the Louisiana version of the statute was condensed to exclude this language not because the itemized causes of action were not deemed supplemental, but because it included terms not used in Louisiana law. The Louisiana version sought to establish the same result without the omitted language. La. Rev. Stat. 10:1-103, 2006 Revision Comment. Accordingly, the court finds that Covered Bridge's detrimental reliance

claim is not displaced by the UCC.

*Attorneys' Fees*

First Horizon has moved for dismissal of Covered Bridge's claim for attorney's fees, arguing that in this case, they are not authorized by statute or contract. Covered Bridge opposes arguing that it has not advanced a "standalone" claim for attorneys' fees, but merely included them in its prayer for relief in which it requests any relief to which it may be entitled, including attorneys' fees. Covered Bridge has not pointed to any statute or contractual provision providing for attorneys' fees in this matter, and "[i]t is beyond peradventure that, under Louisiana law, attorney's fees are recoverable only if they are authorized by statute or by contract." Homestead Ins. Co. v. Guarantee Mut. Life Co., 459 F. App'x 398, 404 (5th Cir. 2012). Accordingly, plaintiffs' claim for attorneys' fees is dismissed. Therefore,

**IT IS HEREBY ORDERED** that **Motion to Dismiss** (Rec. Doc. 15) filed by First Horizon Bank ("First Horizon"), successor by merger to IberiaBank, is **GRANTED in part,** and plaintiff's claim for attorneys' fees is dismissed. In all other respects, the motion is **DENIED**.

New Orleans, Louisiana, this __2nd__ day of June, 2021.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**